UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JONATHAN GOODIE**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                          **No. 13-5228**

**EXXONMOBILE OIL CORPORATION**                                          **SECTION I**
**ET AL.**

## ORDER

Before the Court is a motion[1] by defendant, West Coast Logistics, LLC ("WCL"), to exclude the testimony of plaintiff's proposed expert witness, Dr. Kenneth McCoin, pursuant to Rule 702 of the Federal Rules of Evidence. Plaintiff has filed an opposition,[2] to which WCL has replied.[3] WCL's co-defendant, ExxonMobile Oil Corporation, has also filed a motion[4] to exclude the testimony of Dr. McCoin. ExxonMobil Oil Corporation's motion adopts WCL's motion in its entirety.[5]

WCL argues that Dr. McCoin's testimony is inadmissible because he assumes certain values relative to plaintiff's future hourly wage and fringe benefit rate and because he includes the cost of household services in his calculations without evidence that plaintiff's ability to perform such services is impaired.[6]

---

[1] R. Doc. No. 56.
[2] R. Doc. No. 65.
[3] R. Doc. No. 75.
[4] R. Doc. No. 60.
[5] R. Doc. No. 60-1, at 1.
[6] R. Doc. No. 56-1, at 1, 6. WCL's motion does not challenge Dr. McCoin's qualifications, and the Court defers ruling on such qualifications until trial.

-1-

**I. Future Hourly Rate & Fringe Benefits**

WCL argues that Dr. McCoin improperly assumes a future hourly wage of $8.62 and a fringe benefit rate equal to the national average.[7]

Plaintiff appears to concede that the hourly wage and fringe benefit rate used by Dr. McCoin are not a reflection of the particular circumstances of this case, explaining that the $8.62 figure is purely "a hypothetical number for *comparative purposes* to show how to subtract post-injury earning capacity from the pre-injury earning capacity."[8] WCL responds that the use of hypothetical figures demonstrates that Dr. McCoin's report is not grounded in the facts of this case.[9]

The Court agrees with WCL that Dr. McCoin's hypothetical figures may not be presented to the jury as evidence of plaintiff's hourly wage or fringe benefit rate. However, the 1972 Advisory Committee Notes to Rule 702 explain that Rule 702 "recognizes that an expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts." The 2000 Advisory Committee Notes similarly state, "[I]t might also be important in some cases for an expert to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case. . . . For this kind of generalized testimony, Rule 702 simply requires that: (1) the expert be qualified; (2) the testimony address a subject matter on which the factfinder can be assisted by an expert; (3) the testimony be reliable; and (4) the testimony 'fit' the facts of the case." *See also Landry v. Offshore Logistics, Inc.*, 544 F.2d 757, 760-62 (1977).

---

[7]R. Doc. No. 56-1, at 4, 8.
[8]R. Doc. No. 65, at 1.
[9]R. Doc. No. 70-2, at 3.

Dr. McCoin's qualifications are not presently at issue, and no one suggests that expert testimony as to plaintiff's future earning capacity would not assist the jury. Moreover, the reliability of such testimony and its "fit" to the facts of the case may be explored through cross-examination. *See id.* at 762. Accordingly, Dr. McCoin may testify as to the general principles applicable to future wage and fringe benefit calculations, leaving to the jury the task of applying these principles to the facts presented through other evidence. Dr. McCoin may not use hypothetical numbers other than those set forth in his report, and he may not testify as to the applicability of such numbers to plaintiff. Dr. McCoin may not testify directly or indirectly as to the actual value of plaintiff's future hourly wage or fringe benefit rate.

**II. Household Services**

WCL argues that there is no basis by which to conclude that plaintiff's injuries affected his ability to perform household services.[10] WCL further argues, quoting *Davis v. Foremost Dairies*, 58 So. 3d 977, 993 (La. App. 2 Cir. 2011), that Louisiana cases "awarding past and future lost household services limit[] recovery to situations where substitute housekeepers [are] actually utilized or [will] be necessary,'" as opposed to cases where a plaintiff is unable to perform household services but does not pay and will not pay for such services.[11] Plaintiff contends that defendant's argument lacks merit, as reflected by *Webb v. Ensco Marine*, 135 F. Supp. 2d 756 (E.D. Tex. 2001).[12] *Webb*, however, is consistent with the general rule set forth in *Davis* because the plaintiff in *Webb* had "to hire paid help to perform normal household maintenance." *Id.* at 771.

---

[10] R. Doc. No. 56-1, at 6.
[11] R. Doc. No. 56-1, at 7.
[12] R. Doc. No. 65, at 2.

For the reasons discussed above, Dr. McCoin may testify as to general principles for calculating the costs of such services. However, he may only do so if plaintiff produces admissible evidence that he has paid or will pay for such services in the future. Dr. McCoin may not testify that plaintiff requires household services.

Accordingly,

**IT IS ORDERED** that the motions are **GRANTED IN PART** consistent with that stated above.

**IT IS FURTHER ORDERED** that the motions are **DENIED** in all other respects.

New Orleans, Louisiana, April 17, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**